# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GLEN EDWARD RAY, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **1:19-cv-08000-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

Glen Edward Ray, Jr., a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 2. For the reasons explained below, Ray's petition is due to be denied.

## I.

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to

consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.

After a jury found Ray guilty of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), *see* docs. 1 and 56 in case no. 1:15-cr-00184-AKK-SGC-1, the undersigned sentenced Ray to a term of imprisonment of one-hundred twenty (120) months. *See* doc. 65 at 2 in case no. 1:15-cr-00184-AKK-SGC-1. Ray timely appealed, arguing that this court

violated his Fifth and Sixth Amendment rights by excluding evidence at trial.[1] *See* doc. 81 in case no. 1:15-cr-00184-AKK-SGC-1; *see also United States v. Ray*, 681 F. App'x 807 (11th Cir. 2017). The Eleventh Circuit affirmed Ray's conviction on March 3, 2017. *See* 681 F. App'x 807. Ray does not contend that he filed a petition for certiorari to the United States Supreme Court,[2] and the court finds no evidence that Ray filed such a petition. As a result, Ray's conviction became final on June 1, 2017.[3] Ray subsequently filed this § 2255 motion on December 21, 2018, more than a year after his conviction became final, and his action was transferred to this court on January 9, 2019. Doc. 1. Because Ray filed this petition more than a year after his conviction became final, Ray's petition is untimely, *see* 28 U.S.C. 2255(f)(11), and it is due to be denied.

## III.

Alternatively, the petition fails also on the merits. Ray asks this court to vacate his conviction and sentence based on two grounds: (1) alleged violation of his due

---

[1] The evidence in question involved an officer who assisted in Ray's arrest and ultimately found the drugs at issue in his conviction. *See* doc. 81 in case no. 1:15-cr-00184-AKK-SGC-1; *see also United States v. Ray*, 681 F. App'x 807 (11th Cir. 2017). Ray attempted to present evidence that this officer, Officer Duston Beal, was later forced to resign due to his pattern of engaging in stops of citizens without reasonable suspicion, in violation of *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] Ray states only that "no subsequent [sic] was granted the United States Supreme Court." Doc. 2 at 2.

[3] "[W]hen a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of [§ 2255(f)(1)] until the expiration of the 90-day period for seeking certiorari," *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). In Ray's case, the ninetieth day from March 3, 2017 was June 1, 2017.

process rights when the court denied him the opportunity to cross-examine Officer Duston Beal on his pattern of *Terry* violations, doc. 2 at 3; and (2) alleged innocence and a conviction purportedly based on false testimony, *id.* at 3-4. The court addresses these arguments separately below.

## A.

Ray contends that this court violated his due process rights by refusing his request to cross-examine Officer Beal as to the officer's pattern of *Terry* violations. Doc. 2 at 3. He states that this court's ruling "discouraged the defense from calling Officer Beal to the stand,[4] but also limited the cross-examination of other officers who testified to finding drugs on Mr. Ray." *Id.* This contention is unavailing.

In keeping with the Fifth Amendment due process protections and Sixth Amendment compulsory process rights, criminal defendants "must be afforded the opportunity to present evidence in their favor." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). But this general principle does not give the defendant an "unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). "[S]ome relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." *United States v.*

---

[4] Ray did not call Officer Beal as a witness despite the court granting a continuance before trial to afford him an opportunity to locate and subpoena Officer Beal. *Ray*, 681 F. App'x at 810.

*Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994). Evidence is relevant only if it probative of the proposition it is meant to prove and that proposition is consequential in determining the larger action. *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985). Irrelevant evidence is inadmissible, Fed. R. Evid. 402, but even relevant evidence may not be admitted if the risk of "unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" substantially outweighs the evidence's probative value, Fed. R. Evid. 403. Such questions of materiality are "the province of the trial judge . . . and, unless the judge's reading is 'off the scale,' his discretion is not abused." *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir. 2005). Moreover, district courts have "wide discretion to limit cross-examination that would result in 'confusing issues' and 'interrogation that is repetitive or only marginally relevant.'" *United States v. Smith*, 697 F. App'x 944, 950 (11th Cir. 2017) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

A district court's exclusion of evidence violates a defendant's Fifth and Sixth Amendment rights to a fair trial when "[the] evidence . . . is material in the sense of a crucial, critical, highly significant factor." *United States v. Hurn*, 368 F.3d 1359, 1363-64 (11th Cir. 2004). Such a violation occurs in four instances:

> First, a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable

5

chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.

*Id.* at 1363.

Ray is correct that the court forbade him from admitting evidence of Officer Beal's misconduct of purported *Terry* violations. *See* doc. 75 at 174 in case no. 1:15-cr-00184-AKK-SGC-1.[5] But, this exclusion was proper and did not violate Ray's constitutional rights. To begin, none of the circumstances outlined in *Hurn* apply. The first and third *Hurn* conditions are inapposite because the evidence of Officer Beal's past misconduct had no direct relevance to Ray's arrest, and the government did not call Officer Beal as a witness. *See Hurn*, 368 F.3d at 1363.

---

[5] "I don't believe that as it relates to [Officer Beal's] *Terry* stops and the complaints thereto and his admission that he's done it a hundred of times is relevant to the issues before this Court. So to the extent that that is all he's acknowledged doing, I will not allow the line of testimony to come in. I don't think it's relevant to the issues herein. If it is relevant, then, obviously, the concerns are there about whether or not its probative value, if any, is outweighed in this case by unfair prejudice to the government's case. But more importantly, I think the jury is hearing enough about the key issues from the defense's perspective and that is that the drugs were not [Ray's] and that Officer Beal's purported shenanigans in creating stops necessarily don't factor in here since he was not the one that initiated the stop here but, also, those stops, I think based on the information that I have, no one has ever accused him of planting any evidence on a citizen. So for that reason, as it relates to the *Terry* stops, his statement that he's done those hundreds of times will not be allowed." *See* doc. 75 at 174 in case no. 1:15-cr-00184-AKK-SGC-1.

The second *Hurn* condition is also not helpful because no reasonable chain of inferences regarding the excluded evidence could make the elements of Ray's charged offense more or less certain. *See id.* "[W]here the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense, whether direct or indirect, a defendant has no right to introduce that evidence and a district court may properly exclude it."[6] *Id.* at 1365. And, "a district court may exclude evidence where the relationship between the evidence and the element of the offense or affirmative defense at issue is simply too attenuated." *Id.* at 1366.[7] Such is the case here. The excluded evidence related solely to Officer Beal's history of engaging in unlawful *Terry* stops by questioning defendants without reasonable suspicion. *See* doc. 75 at 6 in case no. 1:15-cr-00184-AKK-SGC-1. However, in

---

[6] *See United States v. Machado*, 886 F.3d 1070, 1086 (11th Cir. 2018) (finding a third party's indictment for false statements in personal mortgage applications offered for the purpose of showing the third party misled the defendant "was too attenuated . . . and had a strong potential to confuse the jury" where "[t]here was no link between the [third party's] charged crime and [the defendant's]"); *United States v. Ramos*, 933 F.2d 968 (11th Cir. 1991) (upholding district court's exclusion of evidence regarding a conversation between a confidential informant and allegedly corrupt DEA agents because that testimony "did not link any improprieties between the [informant] and New York DEA agents to the [defendant] or the Miami DEA agents" who conducted the investigation of the defendant). *Compare United States v. Tsurkan*, 742 F. App'x 411 (11th Cir. 2018) (evidence that a defendant's brother died of a drug overdose could make the defendant less likely to engage in drug trafficking); *United States v. Sheffield*, 992 F.2d 1164 (11th Cir. 1993) (evidence of a gift-giving custom was relevant to the *mens rea* element of an embezzlement charge); *United States v. Lankford*, 955 F.2d 1545 (11th Cir.1992) (evidence demonstrating reasonableness of a defendant's belief that his actions were legal was indirectly relevant to the willfulness element of his charged crime); *United States v. Abercrombie*, 385 F. Supp. 3d 1203 (M.D. Ala. 2019) (evidence that officers mistook a defendant's physical disability for intoxication tended to make the accuracy of breath test more or less likely).

[7] "[T]here comes a point—and a district court is perhaps in the best position to judge this—when the chain of inferences linking evidence and the legally relevant point to be proven is simply too long, dubious, or attenuated to require that the evidence be introduced." *Id.*

Ray's case, Officer Beal had no part in the decision to initiate the *Terry* stop. *Id.* at 8-9. Moreover, Ray's *Terry* stop was based on an undisputed traffic violation, giving rise to the requisite reasonable suspicion to make the stop valid. *Id.* During his criminal trial, Ray represented to this court that he intended to use the evidence of Officer Beal's *Terry* misconduct to "make some limited impeachment with respect to [Officer Beal's] general credibility and . . . the way he conducts arrests," *Id.* at 7, and to support his contention that Officer Beal planted drugs on him while searching Ray's person. *Id.* at 83-84. And although Officer Beal's conduct related to *Terry* stops is separate and distinct from purportedly planting contraband on innocent citizens, *id.* at 7-8, Ray suggests that because Officer Beal had shown a penchant for abusing his authority and disregarding defendants' rights under *Terry v. Ohio*, he was also capable of and inclined to plant contraband on an innocent citizen. This chain of inferences is unreasonable and fails to satisfy *Hurn*'s second condition.

Finally, Ray also cannot satisfy the final *Hurn* condition because the excluded evidence had no bearing on the government's presentation of its evidence. Consequently, a reasonable jury could not have received the government's case differently had the court allowed Ray to introduce the challenged evidence. *See Hurn*, 368 F.3d at 1363. A defendant has the right to "complete the picture" if the selective presentation of evidence "might color a jury's assessment of the material facts of the case." *Id.* at 1367. If the government's evidence "tends" to make "entirely

8

legitimate, normal, or accepted acts appear unusual or suspicious," the defendant "has the right to introduce additional evidence to dispel this unjustified taint."[8] *Id.* But such evidence "is pertinent only when it might color a jury's assessment of the material facts of the case." *Smith*, 697 F. App'x at 950 (quoting *Hurn*, 368 F.3d at 1367). Officer Beal's past misconduct had no relation to Ray's contention of the purported planting of drugs, *see* doc. 75 at 7-8 in case no. 1:15-cr-00184-AKK-SGC-1, and multiple officers present at Ray's arrest testified that the drugs were found in Ray's pocket, *id.* at 101, 160. And while Ray could not cross-examine the officers as to Officer Beal's *Terry* stop misconduct, Ray still presented his defense theory that Officer Beal planted the drugs through two thorough cross-examinations. *See* doc. 75 at 118-39, 154-73 in case no. 1:15-cr-00184-AKK-SGC-1. Therefore, under *Hurn*, Ray's rights were not violated by the exclusion of the evidence.

Moreover, this court properly excluded the evidence in question. Because Officer Beal did not initiate Ray's *Terry* stop, evidence related to Officer Beal's prior unconstitutional stops is irrelevant, and therefore inadmissible. Fed. R. Evid. 402. As the court explained, *see supra* note 5, even if the evidence were relevant, its

---

[8] For example, in *United States v. Sheffield*, an Air Force employee was convicted of embezzling government property by ordering subordinates to create fishing lures. 992 F.2d 1164, 1170 (11th Cir. 1993). The *Sheffield* district court erred by excluding evidence of a "legitimate, authorized custom on the base of making retirement presents for high-ranking civilian and military officers" because the evidence provided context to the employee's behavior that "complet[ed] [the] potentially misleading story" the government had presented. *Hurn*, 368 F.3d at 1364.

9

minimal probative value, if any, was substantially outweighed by the danger it posed of unfair prejudice and confusion of the issues before the jury. *See* Fed. R. Evid. 403.

Finally, the court's exclusion of the evidence regarding Officer Beal did not affect Ray's substantial rights. The court permitted Ray to call Officer Beal as a witness and to cross examine the other officers as to the sequence of events leading up to the events. Ray chose not to call Officer Beal, *Ray*, 681 F. App'x at 810, but did engage in a thorough cross-examination of the other officers present at Ray's arrest, including eliciting testimony that cast doubt on whether Officer Beal planted drugs on Ray, *see* doc. 75 at in case no. 1:15-cr-00184-AKK-SGC-1. The exclusion of the evidence at issue did not hamper Ray's ability to put forth his theory of defense.

**B.**

Ray next argues that "he is actually innocent, so his conviction was the result of false testimony" and must be overturned. Doc. 2 at 2. In addition to being untimely, Ray has also procedurally defaulted this claim by failing to raise it in his direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (defendant defaults in a collateral proceeding when he could have raised an issue on direct appeal but failed to do so). Moreover, the claim is meritless.

"It is established that a conviction obtained through the use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth

Amendment." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). If a reasonable likelihood exists that the State knowingly presented false testimony and that this testimony affected a jury's guilty verdict, then the resultant conviction must be set aside. *Napue*, 360 U.S. at 269. However, it is the "*deliberate* deception of the court and jurors by presentation of *known* false evidence that is incompatible with rudimentary demands of justice." *Raleigh v. Secretary, Florida Dept. of Corr.*, 827 F.3d 938, 950 (11th Cir. 2016) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)) (quotation marks omitted) (emphasis added). To succeed in overturning his conviction, "a defendant must show the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *United States v. McNair*, 605 F.3d 1152, 1208 (11th Cir. 2010).

Ray alleges no facts to support his contention that the prosecutors knowingly presented false testimony. Rather, he relies on two suggested inferences: (1) "that no drugs were seized from his person [and] asserts that he is innocent [and c]onsequently, the officers claiming otherwise presented false testimony [through which] his conviction was obtained," doc. 2 at 4, and (2) that because "the government had actual knowledge that [Officer Beal] . . . had a history of committing violations when conducting traffic stops in search for drugs and . . . his fellow officers allowed him to do so . . . the government had enough knowledge to prevent

the officers from presenting false testimony at trial," *id.* The court appreciates that Ray believes he is innocent and that Officer Beal planted the drugs on him. But that does not establish that the officers who testified to the contrary engaged in rank perjury, or that the officers conspired with Officer Beal to purportedly plant the drugs, or that they are irredeemably untrustworthy. Finally, it also does not establish that the government was aware of the officers' allegedly deceitful proclivity and nevertheless knowingly presented testimony it knew would be false. *See McNair*, 605 F.3d at 1208. Put simply, beyond suggesting inferences of alleged deception, Ray does nothing to show the prosecutors knowingly used false testimony, which is required to succeed on this claim. *See id.* In the absence of such a showing, Ray has failed to allege sufficient facts to merit relief under § 2255.

Because Ray did not allege facts that, if true, would constitute a sufficient basis to vacate his sentence under 28 U.S.C. § 2255, his § 2255 petition, doc. 2, is due to be denied. Accordingly, Ray's subsequent motions requesting default judgments and hearings, docs. 4, 5, 6, and 7, are moot. A separate order in conformity with this Memorandum Opinion will be entered.

**DONE** the 22nd day of April, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE